UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THE LINCOLN NATIONAL LIFE INSURANCE    )
COMPANY,                                )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )        No. 1:24-cv-01097-JRS-MJD
                                        )
MARILOU FRY, et al.,                    )
                                        )
                    Defendants.         )

**ORDER**

This matter is before the Court on Defendant/Cross-claimant Marilou Fry's Motion for Enlargement of Time to Complete Discovery and File Dispositive Motions. [Dkt. 33.]  The Court, being duly advised, hereby **DENIES** the motion.

On February 5, 2025, the Court issued its Order Setting Pretrial Schedule and Discussing Discovery.  [Dkt. 30.]  That order provided in relevant part that "[a]ll discovery requests must be served on the responding party (but NOT filed with the Court) no later than **August 13, 2025**. All Discovery must be completed by **September 12, 2025**."  [*Id.* at 3 (emphasis in original).]

Fry's motion represents that Fry, who is represented by counsel, waited until August 12, 2025—one day before the deadline to serve written discovery, and thirty-one days before the close of all discovery—to serve Fry's first interrogatories and request for production on Defendant/Crossclaim-Defendant Samantha R. Kuchler.  [Dkt. 33 ¶ 3.]  While those requests were timely, having been served one day before the deadline to do so, unless they were served by

hand delivery, Fry is correct that Kuchler's responses would not be due until after the September 12, 2025 close of discovery.[1]  Fry seeks to enlarge the deadline to complete discovery because

> After receiving Kuchler's responses to the discovery requests, the undersigned counsel intends to depose Kuchler. The undersigned counsel believes Kuchler's deposition may identify other individuals that Fry may seek to depose.

[Dkt. 33 ¶ 3.]  However, the only reason that Kuchler's deposition cannot be completed after the receipt of her discovery responses within the current discovery period, is because **Fry waited until the very end of the discovery period to serve her interrogatories and request for production on Kuchler**.

As noted by Judge Evans in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception.  A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*See also United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994) ("Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."); *Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.").

---

[1] Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Kuchler's responses are due 30 days after service, which is September 12, 2025.  However, that deadline would be enlarged by three days pursuant to Fed. R. Civ. P. 6(d) if the requests were served by mail, which would make Kuchler's deadline to respond September 15, 2025.

In *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006), Magistrate Judge Cole excluded Plaintiff's experts for Plaintiff's failure to identify those experts and provide the required reports on or before the expert disclosure deadline.  In so doing, the court noted as follows:

> Under the Federal Rules of Civil Procedure, it is the court's prerogative—indeed, its duty—to manage its caseload and enforce deadlines.  *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996). It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will. Nor is it the prerogative of the violator to require his victim to accept his largesse in the form of allowing discovery to proceed after the deadline set for the close of discovery by the court.

*Id.* at 500-01.  The district judge overruled Plaintiff's objections to Magistrate Judge Cole's order, holding that Magistrate Judge Cole's order was not clearly erroneous or contrary to law,[2] which is the applicable standard for overruling the decision of a magistrate judge on a non-dispositive order.  *Finwall v. City of Chicago,* 239 F.R.D. 504, 506 (N.D. Ill. 2006); Fed. R. Civ. P. 72(a).

This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.  The Court must establish deadlines and counsel must meet those deadlines for the Court to have any ability to function.  The instant situation is the result of counsel's failure to adequately plan their discovery schedule so as to enable them to complete the work needed in the time allowed, as nothing was shown to suggest that the discovery period provided was insufficient to allow Fry to conduct the discovery she needed.

Fry's counsel will not be able to depose Kuchler, or any other witnesses, after the receipt of Kuchler's responses to Fry's interrogatories and request for production solely because Fry's

---

[2] The Seventh Circuit has articulated that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish."  *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

counsel waited until the close of discovery to serve those discovery requests.  That **is not** good

cause sufficient to support the enlargement requested.  Accordingly, Fry's motion [Dkt. 33] is

**DENIED**.  This matter will proceed as set forth in the Court's February 5, 2025 Order Setting

Pretrial Schedule and Discussing Discovery.  [Dkt. 30.]

       SO ORDERED.

Dated:  29 AUG 2025

                    Mark J. Dinsmore
                    United States Magistrate Judge
                    Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.